[No. 3,403.]

LOUIS M. WARDEN *v.* W. J. MARCUS, ADMINISTRATOR OF THE ESTATE OF E. A. SMITH, DECEASED.

QUESTION OF SETTLEMENT OF PARTNERSHIP AFFAIRS. — If a partner sells his interest in the partnership property to his copartner, but there is a dispute whether the sale included a settlement of the partnership accounts, and in an action brought for their settlement, the issue as to whether such sale included such settlement is submitted to a jury, the jury, in determining it, cannot take into consideration the amount which the purchasing partner paid his copartner, or the amount which he sold the purchased property for.

APPEAL from the District Court of the First Judicial District, County of San Luis Obispo.

The jury found that there had been no settlement of the partnership accounts, and the defendant appealed from the judgment and from an order denying a new trial.

The other facts are stated in the opinion.

*William J. Graves* and *A. A. Oglesby*, for Appellant.

The instruction to the jury is an attempt to have the jury decide the question of an unconditional sale by Smith to Warden by the reasonableness or unreasonableness of the bargain.

The question was not whether the bargain was a hard or favorable one for Warden, but it was this: Did the parties agree to, and consummate a sale and purchase? Did their minds meet? And if they did, then was any such condition annexed to the contract as is alleged by the plaintiff?

Now, the matters which were committed to the jury, taken separately or altogether, constitute no test, nor do they throw any light, in a proper legal sense, on either of these inquiries.

*Walter Murray* and *M. B. Harrison*, for Respondent.

By the Court, BELCHER, J.:

This action was brought against the defendant as administrator of the estate of one Smith to settle the affairs of a partnership which had existed between the plaintiff and Smith, in the purchase and raising of sheep.

It was admitted by both parties that Smith, in his lifetime, sold to the plaintiff all his interest in the partnership property for an agreed price to be thereafter paid, but it was claimed by the plaintiff that the partnership affairs remained unsettled, and that there was due to him from the estate a considerable sum of money over and above the balance of purchase money which was still unpaid. The defendant, on the other hand, claimed that the partnership affairs were all settled and adjusted at the time of the sale by Smith to the plaintiff, and that Smith was to receive the sum named as purchase money as the value of his interest in the property after final settlement. There was no substantial conflict as

to the sum which the plaintiff was to pay Smith for his interest, nor as to the amount of the sums which he had in fact paid.

Special issues were submitted to a jury to determine whether the sale by Smith of all his right, title, and interest in the partnership property to the plaintiff was intended by the parties and agreed to be a final settlement of the copartnership; and what amount, if any, of the purchase money still remained unpaid.

In determining the first issue the Court, at the request of the plaintiff, instructed the jury in effect that they might take into consideration, among other things, the amount paid for the property and the amount for which the plaintiff at the time, or shortly afterwards, sold the same or any portion of it.

This was clearly erroneous. According to the plaintiff's testimony he and Smith had tried to settle their accounts on two occasions before the sale, and failed. At the first trial each party claimed that the other was indebted to him. At the second trial he thinks Smith " came to the conclusion that he owed me something, about one hundred dollars," but, he adds, " we got confused and humbugged up and concluded that if he owed me or I owed him it was not much." This being the condition of the accounts, as understood at the time of the sale, it is manifest that the prices at which the property was bought and afterwards sold by the plaintiff could have no legitimate tendency to show that the sale was not intended by the parties to operate as a complete and final settlement of all their partnership affairs.

The other points need not be considered, as they will probably not arise on a new trial.

We see no reason why the complaint is not sufficient for all the purposes of the action, but if objection is made to it the plaintiff ought to be permitted to amend if he desires to do so.

Points decided.

Judgment and order reversed and cause remanded for a new trial.